NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2809
_____

NORMAN L. SCOTT, SR.,
                                        Appellant

v.

WHITNEY R. BAILEY; DONALD GLOVER; THE CHILDREN'S HOSPITAL OF
PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-03654)
District Judge: Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on October 27, 2025

Before: BIBAS, CHUNG, and BOVE, Circuit Judges

(Opinion filed: November 4, 2025 )

_____

_____

OPINION*

_____

PER CURIAM

Norman Scott appeals pro se from the District Court's order dismissing his amended complaint in his defamation suit pursuant to the doctrine of judicial estoppel. For the following reasons, we will affirm the District Court's judgment.

I.

Scott filed his pro se defamation lawsuit against his former manager, Whitney Bailey, former supervisor, Donald Glover, and former employer, The Children's Hospital of Philadelphia ("CHOP") in March 2022.[1] CHOP and Bailey (collectively "Appellees") moved to dismiss Scott's defamation suit pursuant to the doctrine of judicial estoppel, as time-barred, and for failure to state a claim. Appellees argued that a judicial-estoppel-based dismissal was warranted because Scott had failed to disclose the present lawsuit in a bankruptcy schedule that he had filed in February 2023 in a pro se Chapter 7 case in the United States Bankruptcy Court for the District of New Jersey. The bankruptcy case had ended with the Bankruptcy Court discharging over $600,000 in debt that Scott owed to

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Between 2021 and 2022, Scott had also filed two employment discrimination lawsuits against CHOP that were heard by a different District Court Judge. See Scott v. The Children's Hospital of Phila., ("Scott I") Nos. 23-2609, 23-2610, 2024 WL 3874380, at *1 (3d Cir. Aug. 20, 2024) (non-precedential) (per curiam). That Judge dismissed Scott's cases pursuant to judicial estoppel and we affirmed on that basis. See id.

creditors.  See Scott v. Bailey, No. 22-3654, 2024 WL 4414784, at *1 (E.D. Pa. Sept. 23, 2024).

The District Court denied the Appellees' motion to dismiss based on timeliness and judicial estoppel, noting that the Bankruptcy Court had recently granted a motion to reopen the case and allow Scott to file amended schedules that identified his pending cases.  See Scott v. Bailey, No. 22-3654, 2023 WL5644627, at *3 (E.D. Pa. Aug. 31, 2023).  Instead, the District Court dismissed the complaint without prejudice for failure to state a claim, allowing Scott to file an amended complaint.  See id. at *1-3.

After Scott filed an amended complaint, Appellees again moved to dismiss the complaint as untimely and for failure to state a claim.  In lieu of deciding Appellees' motion to dismiss, the District Court reconsidered *sua sponte* its prior judicial estoppel ruling and dismissed the case pursuant to judicial estoppel.  See Scott, 2024 WL 4414784, at * 2.  In doing so, the District Court took note of our interim ruling in Scott I, where we had affirmed the dismissal of Scott's employment discrimination cases on the basis of judicial estoppel because Scott had failed to disclose those pending cases in the same bankruptcy schedule at issue here.  Id. at *1-2.  In its decision, the District Court explained that dismissal was warranted because, in Scott I, we had held it to be an appropriate sanction for the same conduct at issue here and because of "the importance of consistent application of law."  Id. at *2.  The District Court then justified its *sua sponte* reconsideration of its prior ruling, noting that Scott had been given the opportunity to present his arguments regarding judicial estoppel before us in his prior appeal.  Id.  Scott timely appealed.

## II.

We have jurisdiction over these appeals pursuant to 28 U.S.C. § 1291, and we review the District Court's invocation of judicial estoppel for abuse of discretion. See In re Kane, 628 F.3d 631, 636 (3d Cir. 2010). "Judicial estoppel is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that [he] has previously asserted in the same or in a previous proceeding." MD Mall Assocs., LLC v. CSX Transp., Inc., 715 F.3d 479, 486 (3d Cir. 2013) (citation omitted). For this doctrine to apply, "there must be (1) irreconcilably inconsistent positions; (2) adopted in bad faith; and (3) a showing that estoppel addresses the harm and no lesser sanction is sufficient." Id. (citation omitted).

The District Court did not abuse its discretion in invoking the doctrine in this case. This case presents the same circumstances as Scott I, given that (1) Scott's continued litigation against Appellees is "irreconcilably inconsistent" with his filed bankruptcy schedule that declared he had no pending claims; (2) Scott had knowledge of his claims against Appellees since he was already litigating them in the District Court; and (3) he had a motive to conceal the proceedings from the Bankruptcy Court. See Scott I, 2024 WL 3874380, at *2. We held in Scott I that Scott's action of reopening his Bankruptcy Court proceedings to amend the bankruptcy schedule was insufficient to rebut the inference of bad faith applicable under these same circumstances. See id. at *2 (citing Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 321 (3d Cir. 2003)). The same holds true in his present appeal, even if the Bankruptcy Court allowed

4

him to amend his filing.  See Krystal, 337 F.3d at 321.  We thus conclude that the District Court's dismissal of this case was, like in Scott I, not an inappropriate sanction.

The District Court also did not err reconsidering *sua sponte* its prior ruling on judicial estoppel.  A District Court may revisit a prior decision if it explains its reasoning to revisit the decision on the record and appropriate steps are taken so that a party is not prejudiced by reliance on the prior ruling.  See Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).  Scott has not shown that he was prejudiced by reliance on the prior ruling, particularly where, as the District Court noted, he had the opportunity to argue why dismissal pursuant to judicial estoppel was not warranted in his consolidated employment discrimination appeal which presented the same set of circumstances.[2]  He also had the opportunity to do so in response to the first motion to dismiss.

For the foregoing reasons, we will affirm the District Court's judgment.[3]

---

[2] The filing of an amended complaint is insufficient to show prejudicial reliance on the prior ruling.  Cf. Williams, 130 F.3d at 573 (holding that plaintiff had been prejudiced where she had relied on a District Court order by presenting her case to a jury and winning a jury verdict in her favor before the District Court *sua sponte* reconsidered its ruling and ruled against her).

[3] We grant Appellees' motion to supplement or expand the record.  The documents included in Appellees' supplemental appendix are relevant filings from the consolidated cases involved in Scott I, Scott's Bankruptcy case, and a list of other cases Scott has filed.  Even absent Appellees' motion, these are documents of which we may take judicial notice.  See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that a court may take judicial notice of the record from previous court proceedings).